IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOBY VALLEJOS,

    Petitioner,

vs.                                                                                       No. CIV 23-0008 JB/KBM

STATE OF NEW MEXICO; HECTOR RIOS,
Warden, and RAUL TORRES, Attorney
General,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following the Petitioner's failure to pay the habeas filing fee as directed. The Court previously denied the Petitioner's Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed January 3, 2023 (Doc. 2)("IFP Motion"), and directed Petitioner Toby Vallejos to pay the $5.00 habeas filing fee within thirty days. See Memorandum Opinion and Order at 1, filed February 7, 2023 (Doc. 3)("IFP MOO"). Because Vallejos has not complied or responded to the IFP MOO, the Court will dismiss this habeas case without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Vallejos is incarcerated at the Otero County Prison Facility in Chaparral, New Mexico. See Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody at 1, filed January 3, 2023 (Doc. 1)("Habeas Petition"). Vallejos filed a pro se Habeas Petition on January 3, 2023. See Habeas Petition at 1. Vallejos filed the IFP Motion along with the Habeas Petition. See IFP Motion at 1. In the IFP Motion, Vallejos seeks to prosecute his Habeas Petition without prepaying the $5.00 habeas filing fee. See IFP Motion at 1. The Court may grant such

relief only where an inmate's "affidavit [and] . . . statement of . . . assets [demonstrate] that the [inmate] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Vallejos' inmate financial statement reflects a balance of $546.83. See New Mexico Corrections Department Inmate Trust Account, Account Transaction History from 5/01/2022 to 12/14/2022, filed January 3, 2023 (Doc. 2 at 5). Accordingly, the Court determines in the IFP MOO that Vallejos can afford to prepay the $5.00 habeas filing fee. See IFP MOO at 1. The Court denied the IFP Motion and directed Vallejos to pay the $5.00 habeas filing fee within thirty days of the IFP MOO's entry. See IFP MOO at 1-2. The IFP MOO warns that the failure to comply timely will result in the dismissal of this action without further notice. See IFP MOO at 1-2.

The deadline to pay the $5.00 habeas filing fee was March 9, 2023. See IFP MOO at 2 (requiring the habeas filing fee's payment within thirty days of February 7, 2023). Vallejos has not complied, shown cause for such failure, or otherwise responded to the IFP MOO. The Court, therefore, will analyze whether to dismiss this case for failure to prosecute and to comply with the IFP MOO.

**ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept

of modern litigation . . . ." See Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162. Those criteria include: (i) the degree of actual prejudice to the defendant; (ii) the amount of interference with the judicial process; (iii) the culpability of the litigant; (iv) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (v) the efficacy of lesser sanctions. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162 (citing Olsen v. Mapes, 333 F.3d at 1204).

As noted above, Vallejos has not paid the habeas filing fee, as 28 U.S.C. § 1915(a) and the IFP MOO require. He also has not shown cause for his inaction. In light of these shortcomings, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes,

333 F.3d 1199 at 1204.  The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center.  See 492 F.3d at 1162.  To the extent necessary, the Court will also deny a certificate of appealability ("COA") under rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, effective Feb. 1, 1977, as amended to Dec. 1, 2019, because the failure to prosecute this case is not reasonably debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000)(establishing that a district court may only issue a COA in habeas cases where "reasonable jurists would find the . . . assessment of the constitutional claims debatable or wrong"); DeAtley v. Williams, 782 F. App'x 736, 737 (10th Cir. 2019)(unpublished)(declining to issue a COA after district court dismissed habeas petition and denied a COA under rule 41).[1]

**IT IS ORDERED** that: (i) the Petitioner's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody, filed January 3, 2023 (Doc. 1), is dismissed without prejudice; (ii) the Court denies a certificate of appealability; and (iii) the Court will enter a separate

---

[1]DeAtley v. Williams is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that DeAtley v. Williams has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Final Judgment disposing of this case.

/s/ James O. Browning
UNITED STATES DISTRICT JUDGE

*Parties:*

Toby Vallejos
Chaparral, New Mexico

    *Petitioner pro se*